J-S02040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMAR ERIC LINEHAN, JR. | : | |
| | : | |
| Appellant | : | No. 599 EDA 2024 |

Appeal from the Judgment of Sentence Entered September 25, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0003100-2021

BEFORE:  LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED JULY 29, 2025**

Lamar Eric Linehan, Jr. appeals from the judgment of sentence entered following his convictions for first-degree murder, carrying a firearm without a license, possessing an instrument of crime, conspiracy to commit third-degree murder, and conspiracy to commit carrying a firearm without a license.[1] This appeal returns to us following a remand for the trial court to file a supplemental opinion addressing Linehan's challenges to the weight of the evidence for his first-degree murder and conspiracy to commit third-degree murder convictions. We now find those challenges meritless and affirm the judgment of sentence.

The trial court aptly summarized the evidence presented below. ***See*** Rule 1925(a) Opinion ("1925(a)" Op.), filed 5/6/25, at 3-19. Briefly, Linehan

_____

[1] 18 Pa.C.S.A. §§ 2502(a), 6106(a)(1), 907(a), 903 (of 2502(c)), and 903 (of 6106(a)(1)), respectively.

shot the victim multiple times, resulting in his death. The jury convicted Linehan of the above offenses and the trial court sentenced him to life imprisonment. Linehan filed a post-sentence motion, which the trial court denied. This appeal followed. Initially, Linehan raised claims of ineffective assistance of counsel and challenged the weight of the evidence. We did not address the ineffectiveness claims since we were faced with a direct appeal. However, we remanded for the trial court to address Linehan's weight claims in the first instance. **See Commonwealth v. Linehan**, No. 599 EDA 2024, 2025 WL 1179344 at *2 (Pa.Super. filed April 23, 2025) (unpublished mem.). This case now returns to us.

Linehan raises the following questions:

> VII. Was the verdict of [g]uilty as to First Degree Murder against the weight of the evidence?
>
> VIII. Was the verdict against the weight of the evidence as to the conviction of Conspiracy to Third Degree Murder?

Linehan's Br. at 4 (unnecessary capitalization and suggested answers omitted; issues renumbered).

Linehan challenges the weight of the evidence. We review a trial court's denial or grant of a weight claim for an abuse of discretion. **See Commonwealth v. Martin**, 323 A.3d 807, 823 (Pa.Super. 2024). When a trial court reviews a challenge to the weight of the evidence, it must determine whether "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." **Id.** (quoting **Commonwealth v. Widmer**, 744 A.2d 745,

752 (Pa. 2000)). "A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." ***Id.*** (quoting ***Widmer***, 744 A.2d at 752). The trier of fact is free to believe all, part, or none of the evidence and determine the credibility of witnesses. ***See Commonwealth v. James***, 268 A.3d 461, 468 (Pa.Super. 2021).

Linehan argues that "[g]iven the lack of physical evidence and eyewitnesses," the verdict for first-degree murder is against the weight of the evidence. Linehan's Br. at 25. He notes that only one witness, Thomas, testified that Linehan shot the victim. Additionally, the Commonwealth presented no fingerprint, DNA, or ballistic evidence, and police did not recover a firearm. Linehan argues that despite evidence showing that he was in the vicinity of the shooting, the evidence also showed that the victim "fired a shot in the air in Mr. Thomas' presence as a clear and obvious warning to Mr. Thomas," showing Thomas's motive to kill the victim. ***Id.*** at 24, 25. Linehan also points out that after the shooting, Thomas fled Pennsylvania and stayed in Baltimore until his extradition.

Section 2502(a) of the Crimes Code defines first-degree murder as "[a] criminal homicide . . . committed by an intentional killing." 18 Pa.C.S.A. § 2502(a). Here, the court determined that the verdict for first-degree murder was not against the weight of the evidence. It explained:

> Based upon the . . . direct and circumstantial evidence presented to the jury, the jury instructions given by this court to the jury, and the verdict returned by the jury, this

court concludes the jury listened to the witness testimony, observed all the documentary and video evidence, assessed the credibility of the witnesses and other evidence, and unanimously determined Appellant Lamar Linehan is guilty of First Degree Murder in the killing of [the victim].

1925(a) Op. at 28-29.

We discern no abuse of discretion. The evidence here included the testimony of Linehan's co-defendant, Rashee Thomas, that Linehan shot the victim multiple times. The forensic pathologist testified that the victim died because of multiple gunshot wounds and ruled the manner of death as a homicide. The Commonwealth also introduced surveillance footage showing Linehan in the area during the time of the shooting. In the footage he was wearing a jacket appearing to be the same jacket that police found in Linehan's home. Forensic testing showed gunshot residue on the sleeves of the jacket. Although Linehan's brother testified that the jacket belonged to him, the jury was free to believe all, part, or none of the evidence and determine the credibility of each witness. The trial court properly exercised its discretion in concluding that the jury's finding Linehan guilty of first-degree murder was not against the weight of the evidence.

Linehan also claims that his conviction for conspiracy to commit third-degree murder was against the weight of the evidence, citing Thomas's testimony. He argues Thomas's testimony shows that "there was not only no agreement to murder but not even an agreement to confront" the victim. Linehan's Br. at 27. Additionally, Linehan states that Thomas did not testify

about any agreement to bring a firearm to the scene or that he knew that anyone had a firearm.

The Commonwealth maintains Linehan's challenge is "nothing more than a claim attacking the sufficiency of the evidence" and as such is waived. Commonwealth's Br. at 11.

Linehan's claim fails. Challenges to the weight of the evidence are distinct from challenges to the sufficiency of the evidence. A challenge to the weight of the evidence fundamentally asks whether "the jury's verdict is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Anderson*, 323 A.3d 744, 756 (Pa. 2024) (cleaned up), *cert. denied sub nom. Anderson v. Pennsylvania*, No. 24-6891, 2025 WL 1727424 (U.S. filed June 23, 2025). A challenge to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict. *Widmer*, 744 A.2d at 751. As stated earlier, a weight claim must go to the trial court in the first instance, and we review the trial court's decision for abuse of discretion. *Martin*, 323 A.3d at 823.

In contrast, a sufficiency challenge may be presented for the first time to the appellate court. Such a claim asks whether the evidence "establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Widmer*, 744 A.2d at 751.

Here, Linehan's argument is not a proper basis on which to challenge the weight of the evidence. He claims that Thomas's testimony was not enough to establish that an agreement existed or that he knew that there

would be a gun. He thus contends that the evidence did not make out material elements of the crime. This goes to the sufficiency of the evidence, and Linehan's brief does not develop a proper challenge to the weight of the evidence. As such, the claim is waived. *See Commonwealth v. Sexton*, 222 A.3d 405, 416 (Pa.Super. 2019) (concluding waiver of weight claim where appellant conflated weight and sufficiency claims together and failed to develop weight claim). The sufficiency argument he makes in the body of his brief is waived because it was not in his statement of questions involved. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/29/2025